UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FANTASIA DISTRIBUTION, INC.,

           Plaintiff,

v.                                             Case No. 8:14-CV-407-T-27TGW

SOUTHERN WHOLESALE, LLC,

           Defendant.
_____/

## ORDER

Before the Court is Plaintiff's *ex parte* Application for Temporary Restraining Order and Preliminary Injunction (1) Restraining the Counterfeiting operation of Defendant Southern Wholesale, LLC, and (2) Ordering Preservation of Documents and Counterfeiting-Related Assets. Based on the Complaint, Application for TRO, and affidavits filed in support of the application, the Court finds that the four-part test for injunctive relief has been satisfied and that a temporary restraining order should issue. The Application for TRO is GRANTED. Notice is unnecessary as Plaintiff has shown through affidavit specific facts demonstrating that immediate and irreparable damage will result to Plaintiff before the adverse party can be heard in opposition.

Plaintiff ("Fantasia") manufactures and distributes "E-Hookah" devices in various flavors (Dkt. 3 ¶ 5). Fantasia alleges that Defendant Southern Wholesale, LLC ("SWL") distributes similar, but "cut-rate," counterfeit versions of the devices and flavors in violation of Fantasia's trademarks (Dkt. 1 ¶ 6). Fantasia asserts claims of trademark infringement and false designation under the Lanham Act, as well as a claim for common law unfair competition. It moves for a temporary restraining order enjoining SWL from continued sale of the counterfeit products bearing Fantasia's trademarks and to preserve evidence and assets related to the alleged counterfeiting.

To prevail on its Lanham Act claims, Fantasia must show that "(1) its mark was used in commerce by the defendant without [its] consent and (2) the unauthorized use was likely to cause confusion, or to cause mistake or to deceive." *Burger King Corp v. Mason*, 710 F.2d 1480, 1492 (11th Cir. 1983). The affidavits submitted by Fantasia demonstrate that its marks are being used in commerce without Fantasia's consent (*see generally* Dkt. 5). The propriety of a TRO therefore turns on whether SWL's use of the marks is likely to cause confusion.

To determine whether marks are likely to be confused, seven factors are considered: "(1) the type of mark, (2) the similarity of the marks at issue, (3) the similarity of the services the marks represent, (4) the similarity of the parties' service outlets and customers, (5) the nature and similarity of the parties' advertising media, (6) the defendant's intent, and (7) any actual confusion." *Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of St. John of Jerusalem, Knights of Malta, Ecumenical Order*, 702 F.3d 1279, 1293 (11th Cir. 2012). All seven factors must be analyzed in light of a totality of the circumstances. *Id.*; *Wesco Mfg., Inc. v. Topical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1488 (11th Cir. 1987). Of the seven factors, the type of mark and evidence of actual confusion are the two most important. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012).

To obtain a temporary restraining order, Fantasia must establish (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Once a plaintiff establishes a likelihood of success on the merits of a trademark infringement claim, a presumption of irreparable harm arises. *N. Am. Med. Corp. v. Axiom*

*Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008); *see Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989) ("It is generally recognized in trademark infringement cases that (1) there is not [an] adequate remedy at law to redress infringement and (2) infringement by its nature causes irreparable harm.").

Fantasia's application is supported by affidavit of an individual with personal knowledge of Defendant's sale of counterfeit products bearing Fantasia's protected marks. All of Fantasia's marks are at least suggestive, and most are arbitrary, entitling the marks to strong protection. *See Caliber Auto Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 938 (11th Cir. 2010) ("The stronger the mark, the greater the scope of protection accorded it."). The marks are identical, the services the marks represent are identical, and the parties' service outlets and customers are highly similar, if not identical. The first, second, third, fourth, sixth, and seventh factors therefore weigh heavily in favor of a likelihood of confusion. While there is no evidence as to the fifth factor, considering the similar nature of the alleged counterfeit goods, an analysis of all factors in light of the circumstances supports the conclusion that SWL's use of the marks is likely to confuse consumers. Fantasia has therefore demonstrated a likelihood of success on its Lanham Act claims.

Further, the record demonstrates that Fantasia will suffer irreparable harm if SWL continues to distribute the products labeled with Fantasia's protected marks. The second element of a TRO is therefore satisfied. The third and fourth elements of a TRO are likewise satisfied. Fantasia's threatened injury outweighs the harm the relief would cause SWL and the requested relief would serve the public interest by curtailing counterfeiting activity and preventing the public from being exposed to inferior products.

For these reasons, it is **ORDERED** pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65,

Plaintiff's *Ex Parte* Application for TRO is **GRANTED**:

1. Defendant Southern Wholesale, LLC., its members, officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it having notice of this Order are hereby temporarily restrained:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Fantasia trademarks "Adios," "4PLA Y," "Ice Mint," "Magic Dragon," and "Surfer" (the "Fantasia Marks"), or any confusingly similar trademarks; and

    b. From secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff bearing the Fantasia Marks or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Fantasia Marks or any confusingly similar trademarks;

2. Defendant Southern Wholesale, LLC., its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it having notice of this Order shall immediately discontinue the use of the Fantasia Marks, or any confusingly similar trademarks, in the advertising, promoting, offering to sell, selling, or distributing of any electronic hookah products;

3. Defendant Southern Wholesale, LLC. shall preserve copies of all of its computer files, books, records, receipts, invoices, purchase orders, and any other documents relating to the use of any of the Fantasia Marks and shall take all steps necessary to retrieve computer files relating to the

use of the Fantasia Marks that may have been deleted before the entry of this Order;

4. This Temporary Restraining Order shall remain in effect until the hearing on Plaintiff's Motion for Preliminary Injunction, or otherwise ordered;

5. Pursuant to 15 U.S.C. § 1116 and Fed.R.Civ.P. 65(c), as a condition to injunctive relief, Plaintiff shall post a cash or surety bond of $10,000.00 in such form as required by the Clerk, as payment of damages to which Defendants may be entitled for wrongful injunction or restraint;

6. This cause is set for hearing in the United States Courthouse at 801 North Florida Avenue, Tampa, Florida 33602, Courtroom 13B, on **March 6, 2014, at 2:30 p.m**, at which time Defendant and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve it. Further, the Court will hear argument on Plaintiffs motion for preliminary injunction. The hearing will be limited to argument of counsel unless a party requests, and is granted approval, for live testimony;

7. Plaintiff is directed to serve a copy of this Order, together with all papers required by Local Rule 4.05(b)(5), on Defendant pursuant to the Federal Rule of Civil Procedure 4 **on or before Thursday, February 20, 2014.**

8. Pursuant to Local Rule 4.06(b)(3), Defendant shall file its responsive brief and counter affidavits and serve same on Plaintiff at least seven (7) days before the hearing.

**DONE AND ORDERED** in Tampa this 18th day of February, 2014 at 3:52 p.m.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record